IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KENNY DREW SAYRE**,

    **Plaintiff**,

v.                              Case No. 2:11-cv-00284

**TRUSTEE CLERK**,
**Mount Olive Correctional Complex**,

    **Defendant**.

## PROPOSED FINDINGS AND RECOMMENDATION

On April 22, 2011, the plaintiff, Kenny Drew Sayre, filed a letter-form complaint in the United States District Court for the Northern District of West Virginia (ECF No. 1). The case was transferred to this District (ECF Nos. 4, 5). The plaintiff has not filed an Application to Proceed without Prepayment of Fees and Costs; his complaint alleges that the Trustee Clerk at Mount Olive Correctional Complex has delayed providing his financial information. This matter is assigned to the Hon. Joseph R. Goodwin, Chief Judge. By Standing Order (ECF No. 6), this civil action was referred to the undersigned Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners

lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also, Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998)("Section 1915(g)denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").")

The plaintiff is a well-known and frequent litigator in this court. In Sayre v. McGraw, No. 2:08-cv-00115 (S.D. W. Va. May 19, 2008), the undersigned enumerated fifteen previous cases filed by this plaintiff, all of which have been dismissed. Case No. 2:08-cv-115 was the sixteenth; Case No. 2:10-cv-157 was the seventeenth. Case No. 2:10-cv-1329 was the eighteenth.

This action is the nineteenth case filed by the plaintiff in this court since August, 1999. There is no indication from the plaintiff's instant complaint that he is under imminent danger of serious physical injury. By Order entered April 27, 2011, the undersigned directed the plaintiff to pay the full amount of the filing fee of $350 within thirty days (ECF No. 7); he has not done so.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated or detained, the plaintiff has previously filed more than three actions in a court of the United States which have been dismissed as frivolous, malicious or for failure to state a claim, and that the plaintiff's present Complaint fails to state any facts indicating that he is under imminent danger of serious physical injury.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this action with prejudice.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

June 1, 2011
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge